IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TERRA CARROLL,
    Plaintiff,

vs.                                       Case No.: 3:19cv476/RV/EMT

FLORIDA STATE HOSPITAL, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se and in forma pauperis, commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1). The matter is before the court on Plaintiff's second amended complaint (ECF No. 7). The court is statutorily required to review Plaintiff's complaint to determine whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Upon review, it is apparent Plaintiff has failed to state a viable claim for relief against the Defendants. It likewise is clear Plaintiff cannot cure the deficiencies by filing an amended complaint. *See Silva v. Bieluch*, 351 F.3d 1045, 1048–49 (11th Cir. 2003) (Generally, "a district court must grant a plaintiff at least one opportunity to amend their claims before dismissing them if it appears a more carefully drafted complaint might state a claim upon which relief can be

granted even if the plaintiff never seeks leave to amend.") (quotation omitted).  The undersigned thus recommends the case be dismissed for failure to state a claim upon which relief can be granted.

I. BACKGROUND

Plaintiff names seven Defendants in the action—Florida State Hospital ("FSH"), Office of the Public Defender, Dr. Marilou San Augustin, Dr. Christine Vado-Acquino, Melanie Ethridge, Florida Department of Children and Families ("DCF"), and Florida Department of Financial Services, Division of Risk Management ("FDFS") (ECF No. 7 at 1–4).  The matter stems from Plaintiff's commitment to FSH, a mental health facility, to determine her competency to stand trial on criminal charges.  Plaintiff asserts claims for violation of her right to counsel, professional malpractice, negligence, false imprisonment, ineffective assistance of counsel, violation of her right to free speech, deliberate indifference, battery, assault, retaliation, and intentional and negligent infliction of emotional distress (*id.* at 23).  She seeks general, special, compensatory, and punitive damages, as well as attorney fees (*id.*).

II. DISCUSSION

A. Standard of Review

To survive dismissal at the screening phase, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal marks and citation omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's allegations must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Mere "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do," and a plaintiff cannot rely on "naked assertions devoid of further factual enhancement." *Id.* (internal marks and alteration omitted); *see also Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013). In other words,

> [p]leadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 679.

The court reads a pro se plaintiff's pleadings in a liberal fashion and holds them to a less stringent standard than pleadings drafted by attorneys. *See Harris v. Goderick*, 608 F. App'x 760, 761 (11th Cir. 2015). Nevertheless, in civil rights cases, "[m]ore than mere conclusory notice pleading is required . . . . A complaint

will be dismissed as insufficient where the allegations it contains are vague and conclusory." *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003) (internal marks and alteration omitted); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (holding that "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits" and courts are not required "to conjure up questions never squarely presented to them").

    B. Plaintiff's Claims

A viable claim under 42 U.S.C. § 1983 requires a plaintiff to establish two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

Here, Plaintiff has named as Defendants DCF, FSH, FDFS, and Office of the Public Defender, none of which are "persons" subject to suit under § 1983. Indeed, DCF, FSH, and FDFS are state agencies or arms of the state. *See, e.g., Smith v. Deal*, 760 F. App'x 972, 975 (11th Cir. 2019) (*citing Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65–71 (1989)). "State agencies are not persons under section 1983."

*Id.* (*citing Will*, 491 U.S. at 65). The same is true with respect to the Office of the Public Defender. In addition, the United States Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981). Plaintiff thus has failed to state a viable § 1983 claim against DCF, FSH, FDFS, and the Office of the Public Defender.

That leaves Defendants San Augustin, Vado-Acquino, and Ethridge. Plaintiff alleges Dr. San Augustin retaliated against her "by having her medicated with drugs that she had an allergic reaction to" after Plaintiff "became vocal about her missed court appearance in January 2017 and announced that she had reported her Dr.'s [*sic*] for her illegal confinement at Florida State Hospital" (*id.*). Plaintiff also alleges Dr. San Augustin committed battery against her when Dr. San Augustin "choose [*sic*] to have [Plaintiff] medicated while at Florida State Hospital" (*id.* at 18). Plaintiff claims Dr. Vado-Acquino retaliated against her by refusing to give her a competency evaluation upon arrival at FSH because Plaintiff "advised that she did not belong there" (ECF No. 7 at 17). Plaintiff says Dr. Vado-Acquino "attempted to insult her by suggesting that her law license was suspended" (*id.*). Plaintiff responded by telling Dr. Vado-Acquino that she "needed to humble herself and google Plaintiff Carroll's name for purposes of learning of Plaintiff Carroll [*sic*]

achievements and where she had graduated law school" (*id.*). "Plaintiff began to complain to various persons at Florida State Hospital about Dr. Aquino-Vado[1] and she still refused to have Plaintiff Carroll evaluated for competency" (*id.*). Plaintiff sets forth no factual allegations against Ethridge.

"To state a § 1983 First Amendment retaliation claim, a plaintiff generally must show: (1) she engaged in constitutionally protected speech. . . ; (2) the defendant's retaliatory conduct adversely affected that protected speech . . . ; and (3) a causal connection exists between the defendant's retaliatory conduct and the adverse effect on the plaintiff's speech . . . ." *DeMartini v. Town of Gulf Stream*, 942 F.3d 1277, 1289 (11th Cir. 2019). Plaintiff has not alleged sufficient facts to satisfy any of the three elements of a First Amendment claim. She has not alleged constitutionally protected speech. *See, e.g., Green v. Barrett*, 226 F. App'x 883, 886 (11th Cir. 2007) (holding that to be protected, speech "must be 'fairly characterized as constituting speech on a matter of public concern'") (*quoting Connick v. Myers*, 461 U.S. 138, 146 (1983)). Instead, she alleges she was retaliated against for complaining about being committed to FSH. She likewise has not alleged her speech was adversely affected. To the contrary, she alleges she repeatedly complained

---

[1] In the style of the case, Plaintiff identifies this Defendant as Dr. "Christine Vado-Acquino" (*see* ECF No. 7 at 1); but elsewhere in the complaint Plaintiff identifies her as Dr. "Vado-Aquino" and Dr. "Aquino-Vado" (*see, e.g., id*. at 4, 17). In this Report, the undersigned uses the surname found in the caption of the case.

about her commitment.  She has also failed to plead facts that could establish a causal connection.  Plaintiff's First Amendment claims thus fails as a matter of law.

Finally, this court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims, including her malpractice claims against the physician Defendants, her battery claim against Dr. San Augustin, and her tort claims against any Defendant (it is not clear which Defendant(s) allegedly committed the various torts set forth in Plaintiff's statement of claims).  It is well established that once Plaintiff's federal claims are dismissed, there remains no independent federal jurisdiction to support the court's exercise of supplemental jurisdiction over the state law claims against Defendants.  *See Baggett v. First National Bank of Gainesville*, 117 F.3d 1342, 1352 (11th Cir. 1997).  Title 28 U.S.C. § 1367(c)(3) provides that the district court may decline to exercise supplemental jurisdiction over claims after it has dismissed all claims over which it has original jurisdiction.  *See also United Mine Workers v. Gibbs*, 383 U.S. 715, 725–26 (1966).  Where § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction. *Baggett*, 117 F.3d at 1353 (*citing Palmer v. Hosp. Author. of Randolph Ct'y*, 22 F.3d 1559, 1569 (11th Cir. 1994); *Executive Software N. Am. v. United States Dist. Court*, 15 F.3d 1484, 1493 (9th Cir. 1994); *New England Co. v. Bank of Gwinnett Ct'y*, 891 F. Supp.

1569, 1578 (N.D. Ga. 1995); *Fallin v. Mindis Metals, Inc.*, 865 F. Supp. 834, 841 (N.D. Ga. 1994)). Taking these factors into account in this case, the court concludes Plaintiff's state law claims should be dismissed to permit her to pursue her state law claims in a more appropriate forum. While it would be convenient for Plaintiff to continue litigating her case in this court, this court has a substantial number of original jurisdiction cases awaiting review, and neither judicial economy nor fairness to other litigants supports retaining jurisdiction of Plaintiff's state claims and delaying justice in other cases. Furthermore, the state court is best equipped to research and rule on matters of state law, and comity would suggest that it should be allowed to do so.

III.  CONCLUSION

"[A] district court has the inherent power to dismiss an action that is 'so patently lacking in merit as to be frivolous.'" *Guthrie v. U.S. Gov't*, 618 F. App'x 612, 617 (11th Cir. 2015) (*quoting Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 & n.3 (11th Cir. 1983)); *see also Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) (affirming district courts' inherent authority to dismiss frivolous claims *sua sponte*). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (*citing Battle v. Central State Hosp.*, 898 F.2d 126, 129 (11th Cir.

1990)).  Here, it is evident Plaintiff has wholly failed to allege facts showing she is entitled to relief on her § 1983 claims.  It also is apparent Plaintiff cannot cure the deficiencies by amendment.  *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief[.]"); *Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Accordingly, it is respectfully **RECOMMENDED**:

1. That Plaintiff's § 1983 claims be **DISMISSED WITH PREJUDICE** for Plaintiff's failure to state a claim upon which relief can be granted.

2. That Plaintiff's state law claims be **DISMISSED WITHOUT PREJUDICE.**

3. That the Clerk be directed to close the file.

At Pensacola, Florida this 19th day of March 2020.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

# **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.  A copy of objections must be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**